The next case on the docket is 524-0906, Brendan St. Peters v. Craig Gibbs and Lauren Gibbs. Mr. Reynolds? Yes. All right. Good morning, Your Honor. My name is Aaron Reynolds. I represent the appellant plaintiff, Brendan St. Peters. This morning, I'd like to very briefly address two points. Speak up, please. Yes, I'm sorry. I'd like to address two points. First, the plaintiff possessed a private right to the rights-of-way as platted in the recorded subdivision plat. And two, those rights to use those rights-of-way do not change whether those rights-of-way were developed or undeveloped. First— Mr. Reynolds, I have to say that your brief was good in this case, but no map was attached. Was that not a trial exhibit? It should have been a trial exhibit. It was a trial exhibit, but you can attach maps to briefs, so I had to hunt for it. I apologize. I don't want to be redundant and attach it whenever it's already attached. Well, sometimes you can use an appendix that will really help us when you file an appellate brief, but go ahead. First, in this order, the trial court found that the plaintiff didn't have a protectable interest, and that's just not true. It's well settled in Illinois that when a person purchases a piece of land that's subject to a recorded subdivision plat, it comes with all of those rights expressed within that subdivision plat. Courts have consistently upheld this as being a private right, one possessed by the specific lot owner, and that would be a protectable interest here. The only way the rights expressed in that recorded subdivision plat would be able to be extinguished would be if the subdivision was vacated or by agreement to restrict or remove entirely those rights. Here, there's been none. That's undisputed. So in order to have his rights, in order to prove his right in those rights of way, he would have to show that the valid subdivision was recorded, that that subdivision plat expressed some clear right, which here it does through the owner's certificate, that he reviewed and relied on that subdivision plat as part of his purchase, and that that recorded subdivision plat was never vacated. Here, it's not disputed that the plat is properly recorded and that it's never been vacated. Both parties here agree that they were provided with the recorded subdivision plat, including the owner's certificate at the time of purchase, and there was testimony in the trial that established that Mr. St. Peter's reviewed the subdivision plat, actually consulted multiple parties to ask about this particular issue and whether or not he would have to purchase those parcels in which those rights of way were contained in order to have the rights to use those. So as to the reliance, he relied on the subdivision plat. Am I correct that the trial court found in favor of opposing side because it was basically the ordinance, the Madison County Ordinance and their definition of street? Am I understanding that correctly? You are correct. All right. And in terms of that ordinance taking priority over a recorded subdivision plat, do you have case law in point that says that the ordinance would not be controlling? Yeah. In Rubel, Rubel Court specifically stated that the right is not dependent on whether or not those streets are developed or undeveloped. And that's the reason for the use of the Madison County Ordinance, is to show that the minimum street standards would actually have to be maintained, which that's not what that ordinance does. That ordinance is for the township or the county, when there's no township, to enforce if a street or a private lane or whatever were to fall below those standards. They would be able to come in and enforce that to bring that up to standards. This was the village of Godfrey. This had really nothing to do with Madison County. Correct. Not now, Your Honor. I mean, to the credit of the defense, it did apply at the time of recording the plat. Right. But now, today, you're correct. The village of Godfrey ordinances would be controlling this piece of land today. And on the village of Godfrey's ordinances, were they brought into play in the trial court's decision? Was that referenced at all? No. Okay. No. And the reason for that is that they really don't have any bearing on the issue of who has the right to use it. There was no reason to bring those in. And I only brought those up in the motion to reconsider to show that this isn't even the right set of ordinances to use to point out to the trial court that this isn't the right law to apply. But the village of Godfrey accepted this subdivision plat. Yes. It's platted with the stamp of the village of Godfrey. Yes. I guess whenever they became incorporated and had their own subdivision ordinance, there's a nonconforming ordinance where they accept all nonconforming. Not to say that this is not conforming, but they just accept everything that's within their... Right. Their township. Yes. I think it's a township. Village of Godfrey, yeah. But I think the village is the township of Godfrey. Is there a township of Godfrey? No, it's the village of Godfrey. The village of Godfrey and the county of Madison. Yes. Okay. What about this 30 feet wide street? Is that a driveway for the back lot? No, that is a right-of-way that provides an additional exit from the subdivision into the neighboring subdivision. It looked like there was a house back there. That is in the neighboring subdivision. It's like a cut-through exit from the subdivision. And then the owner of the lot, too, built the house on that lot? Correct. And it was because of the 9-1-1 issue that we got the road dedicated? Yes. Okay. Only partially dedicated and improved. Yes. And to the point about the 30-foot, basically, secondary exit, in the firm that actually did the platting of the subdivision, there was a note in there that that was an after-the-fact addition due to the number of lots. There was some requirement that whenever they went to go record this subdivision plat, that they had to add a secondary exit due to the number of lots. So it was an after-the-fact addition, but an addition, nonetheless, that is a right-of-way for the use of all lot owners. So the second issue that I wanted to address, we've already touched on, is that it doesn't matter whether or not they have been developed or not. Defendants point out that RUBLE doesn't touch on the use of those rights-of-way, and that's incorrect because RUBLE says that the rights expressed within the subdivision plat, and those rights that were expressed in this subdivision plat is specifically outlined in the owner's certificate as for the use of the lot owners. So plaintiff's rights don't change based on the development status. Plaintiff had the right-of-way whenever he purchased the property in 2019. He retains that right whenever defendants came in and bought their property in 2022. And absent the trial court's decision, he should have that right today and in the future, unless and until those rights are vacated. And that's all I have. Are there any questions? In your brief, you referenced several Madison County ordinances and Godfrey ordinances, but I didn't see a reference. Maybe it was listed and I just overlooked it. Madison County Ordinance 92.030 capital D talks about easements shall provide access to all parties and shall be irrevocable and run with the land. And then with regard to planting the trees in the 30-foot, that same ordinance of Section C says you can't put demolition debris or plant trees or do anything in that same easement. Was there some reason you didn't reference those, or did I overlook that you referenced those? Well, I mean, to the point that Madison County ordinances don't apply to this piece of land today, it would be the Village of Godfrey ordinances that would apply to it. And I believe those trees were planted well after the Village of Godfrey took over this township under their ordinances. I mean, that is absolutely one of the issues here, but the case law is so on point with the fact that Can you talk about Rubel and Waddell? Waddell specifically addressed the neighbor restricting the rights of use of that right-of-way by putting up a fence to, I think there was some livestock that they were wanting to house within that, and they put up a fence blocking that right-of-way. And it was ordered that the use couldn't be restricted through that. So that's kind of the same thing here with the trees and the debris rubble and so forth. Your clients do have other access on the other side of the property? Correct, and this isn't one of necessity. This is one of private right. It's what he bought the property as, and it's his right to protect and demand the continued use of that right-of-way. Thank you. Other questions? If the law is so clear, how did the judge get it so wrong? I don't know. I don't have an answer for you on that. Apparently he felt that the Madison County ordinance, the definition of minimum standards made sense. But that ordinance really has nothing to do with whether or not property rights are maintained. Correct. I agree. Did you call Fred Michaels? Was he your witness? Yeah, that was the witness we called. All right, and I don't recall in the transcript, but was his testimony that Godfrey's ordinances were applicable, or did he testify as to any of that? He did not testify to any of that. I don't know that he would have the foundation to testify to that. He was in the Madison County Maps and Plots Department, so I don't know that. So he had been in workings with the various townships for 20-plus years, correct? Yeah, that's correct. All right, but he did not necessarily testify to a priority right, so to speak, of any one ordinance over the other. No, no, not as far as the ordinance goes. He was questioned about the due diligence that Mr. St. Peter's performed prior to the purchase. He testified to the general practice of the Maps and Plots Department of reviewing these subdivision plots and what constitutes a validly recorded subdivision and the rights of way therein, who has those rights, and then he provided the opinion that based on all of that, specifically the owner's certificate that was recorded as part of it, that Mr. St. Peter's would have rights to use all of the rights of way within the subdivision. And again, he worked for Madison County for many years. I don't know if this is a question or observation, but it just strikes me as odd that Madison County has an ordinance that says this runs with the land and is irrevocable, but now Godfrey ordinances apply and maybe it is revocable, or maybe it doesn't run with the land. I mean, how do you... Is there an ordinance like that? I'm sorry, go ahead. You're saying Godfrey ordinances apply and the Madison County ordinance doesn't really apply anymore, but if you have an ordinance that says it runs with the land, that seems to be... When it was plotted, if it's plotted and Madison County accepts the plot, no matter what happens in the future, it seems like it should run with the land. Yeah, I mean, I would believe it would run with the land. I would be surprised if the village of Godfrey didn't have a similar ordinance to that. I am not aware of that, though, so I will not... Does Godfrey have an ordinance defining what a street is? Yes. Is it similar to Madison County's? Very similar. No other questions? All right. Thanks. No more questions. Thank you. Okay. You'll have rebuttal time, Mr. Reynolds. Ms. Bailey? You'll tell us why the judge got it right. I certainly hope I will try and do it justice. May it please the Court? Yes, you may proceed. My name is Amy Bailey, and I represent the Defendant Appellees, in this case, Craig Gibbs and Warren Gibbs. I want to start off. I first think that the issue has been slightly misstated. If we take a look at the Circuit Court's order after trial prior to the motion to reconsider, and that's Common Law Record 122, certainly in paragraph 2, found on page 2 of the order, it references that plaintiff does not have a protectable interest. But if we turn to page 3, paragraphs 5 and 6, in particular, seem to backtrack and show that plaintiff does have a protectable interest, but the Court is qualifying it based on whether or not this right-of-way, this 30-foot-wide private street, as it's identified on the plat, is developed to meet ordinance standards for vehicular travel. So to say that plaintiff doesn't have a protectable interest, I think, is contrary to what the Court has actually found. Of course, there's been discussion about whether or not the Madison County Ordinances apply. And to that effect, I want to turn the Court's attention to the case Lysiago v. Bays. Could you spell that for me? I can. It is L-I-C-E-A-G-A v. Bays, B-A-E-Z. This is a 2019 case out of the 1st District that is really on point here. The parties, granted it's a reclaimed action where a boyfriend is seeking to recover an engagement ring after an engagement was broken off, but the procedural history is quite similar. The parties in motion practice both cited to this particular case identified as peril. The Court ended up ruling on the motion to dismiss, dismissed it with prejudice, and then the boyfriend filed a motion to reconsider seeking abandonment of peril and instead cited statutes that he argued governed the case instead. You'll notice the correlation there to the incident facts, where the trial court has applied Madison County Ordinances pursuant to the trial proceedings. And then in the motion to reconsider, appellant first raised that Village of Godfrey Ordinances should apply. In Lysiago, the appellate court ended up holding that this was an abuse of discretion standard. These were technically new arguments and theories raised in a post-trial motion that had not been considered prior to the Court's order. And so this abuse of discretion standard, even though the appellant was arguing for the application of statutes, still applied. And the trial court was still within its discretion to deny the motion to reconsider, even, again, where the appellant is arguing for the application of statutes. Here, we're talking about ordinance versus ordinance. The trial court proceedings ---- But let me ---- Yeah. Let me interrupt you because ---- Sure. You're suggesting that the dispute lies in the fact that he did not bring up the Godfrey Ordinance until his motion to reconsider? Is that what you're saying this hinges on? Correct, Your Honor. Because ---- All right. So along those lines, you're suggesting that the Madison County Ordinances would have been enough to suffice and to overcome the subdivision plot if we just completely don't look at Godfrey's Ordinance. Let's take that off the table for a moment. Hypothetically speaking, you're saying that Madison County's ordinance defining a street is essentially what the judge ruled on and why we should affirm his decision. Is that what I'm hearing you say? Because the case law says otherwise. To an extent, at the trial court, both parties presented evidence of the Madison County Ordinances. Both parties produced excerpts of Madison County Ordinances. Part of the excerpts that the defendant appellees produced was there was one page of definitions which defined a street, and there was another page that included the road design standards for private streets and private lanes. If we're taking the Godfrey Ordinances off of the table and just looking at those, I think it's completely in line with the ordinances. That if the circuit court is finding that the plaintiff appellant has rights to use this right-of-way, but yet we also have these ordinances for minimum road standards for a private street or private lane, then to say that plaintiff's rights to use that right-of-way are immediate and unconditioned by any other ordinance governing road development renders those ordinances superfluous. Why? Well, if there are ordinances that are governing the minimum... The ordinance do require that if you're going to approve a platted street, that you have to approve it to a certain minimum standard. It doesn't affect the initial grant of the plaque. Or maybe I'm wrong on that. Tell me if I'm wrong. I'm not sure I understand the question, Eric. Well, you're saying that the application of the ordinance pertains to the use of the street. Use and improvement are two different concepts. Whether or not you get to use an unimproved street because it's platted is different in my mind than whether you improve a street to a certain specified ordinance. You want to argue the ordinance, right? Let me put it simpler. How does the use of the ordinance... How does an ordinance affect the use of an unimproved street? I think it would be twofold. We'd have to look back at the definition for street, private street, see if there's a qualification for capability of vehicular travel, see if there's a basis. Why? I'm talking about use as it's platted. It could be woods, but it's still a street. It's platted as a street, an unimproved street. It could be grass, which this is, I think. Do you understand my question? I'm not sure, but let me try to answer it and see if I hit the mark. If we look at the platform, it identifies two rights of ways. The first is a 50-foot-wide Oxford Drive that extends to purportedly provide access to all 12 lots of the subdivision to the public street available on the, we'll say, northwest-west side of the subdivision. You're looking at the map? The plot map, yes. And then there is also identified a 30-foot-wide private street, identified as a private street. Presumably, this being recorded at the time of the Madison County ordinances where, in effect, it's presumably going off of the definition of street, in effect, at that time. The owner's certificate on the plat specifies only a singular street as being for the use of all of the owners and being maintained by the owners. I find it hard to believe that where a street is being identified on a plat as presumably at some point would be developed and be used, that we're instead going to allow for unrestricted use of an easement The circuit court ruled had previously been the site of construction debris. It had chunks of asphalt. It had other plants. Does that matter, though? If I buy a lot of the subdivision and the subdivision road is not built and then several of my neighbors that have the same lots in that subdivision, if we decide we don't want a street, it's plotted as a street, but we don't want to use it as a street. We want to walk our dogs or ride our bike. Don't we still have the same use rights, even though it has not been developed as a street? I'm not sure I would agree with that characterization where a street is specifically defined as being connected to vehicular travel. I don't know that that would be an acceptable use under a plotted street. So your issue, I think, is that when a plat is recorded, it's recorded as a street, and that's how you bring in the definition of a street. But I'm not sure that that's what plotting does. Plotting doesn't necessarily record a street. It records a use as opposed to a street definition. I would respectfully disagree. I think that the use of the word street is very key to the nature of the right-of-way that's being granted. Well, is there a place on the plat, and I'm looking at the plat, and is there a place on this description of the, I'll call it a right-of-way, that calls it a street? Is there a place on this plat that says it's a street? I believe based on your drawing, you're identifying the 50-foot-wide Oxford Drive, which identifies it as a drive. The definition of the Madison County ordinances for street includes drive in that definition as well. Okay, so what you're saying is that because they called it Oxford Street on the plat, that brings in the definition of street for Madison County? Yes. Okay. I think I understand your argument.  So based upon the Lysiaga case, and the argument there being that leading up to the motion to dismiss being dismissed with prejudice, the parties relying on one set of, we'll call them the rules of the case, the subsequent motion to reconsider introducing a new theory of recovery under a statute, same claim, same action for rebuttal, but using a statute as the method of recovery, the trial court found it was denied, they weren't going to consider it, and the appellate court said that that was a valid finding. Okay. Here, leading up to and at trial, the parties really only referenced Madison County ordinances. And we've discussed a little bit why that might be, the source of the plat having been reported at a time when Madison County ordinances governed, but there was extensive testimony from witnesses offered from both sides that testified to Madison County ordinances. You heard counsel for the appellate state that their witness, Fred Michael, was offered as a witness due to his extensive experience with the Madison County maps and plats office. Did Fred Michael say that you have to vacate the street in order to eliminate the right of use? Didn't he testify to that? I don't know if he testified to that off the top of my head. I know that he also testified to the fact that there was, that he did not know if there were other ordinances that would restrict the ability to use a platted right-of-way once it left his office. We're forgetting ordinances for a minute. Just the issue of whether you have to vacate the right-of-way. I'm going to call it the right-of-way instead of a street. Didn't he and the engineer testify that you have to vacate right-of-way in order to eliminate the right of use? That's the proper method of doing that, is to vacate right-of-way. To absolutely eliminate, yes, I believe that's true. Okay, go ahead. But here at the circuit court level, again, the circuit court is finding that the plaintiff has rights to use these right-of-ways, but only upon their development to minimum road standards pursuant to other ordinances. The disregarding of road improvement standards, I think, is the key issue here. And if you look at the right-of-way itself as just a free-for-all and disregard the use of the street on the plat, then you are rendering these other ordinances for street improvements superfluous. They're toothless. To briefly conclude, the appellant's argument that the Godfrey ordinances should apply was brought up too late. The parties both argued for only Madison County Ordinances at trial. The appellant did not object to the Madison County Ordinances at trial, did not object to the questioning regarding the road design standards, did not introduce Godfrey ordinances, waited until the circuit court made its ruling, and upon an unfavorable result, sought a new manner of recovery and its motion to reconsider under a new set of statutes. And per the ruling in Lysiaga, the trial court was well within its discretion to deny that motion to reconsider. Thank you. Did you say the trial judge ruled that the plaintiffs have a right to use that property but only when it's developed as a street? That is correct. But if you allow the other side to plant trees, then it's never going to be able to be developed as a street without significant expense, bulldozers pushing down trees. And if you allow them to use it to the detriment of the plaintiff and make the streets unusable, that seems to be an artificial victory for the plaintiffs. So you say the judge said they could use it, but only when it's a street. But in the meantime, plant trees, do whatever you want on that 30-foot strip or 50-foot strip. The circuit court also made a finding of fact that prior to the appellees having purchased their lots 2 through 12, that this 30-foot right-of-way had on it asphalt chunks and construction debris that would have precluded the use of the right-of-way. So I don't believe that whether it's intentionally planted trees or natural vegetative growth that was growing on and around these asphalt chunks, I don't think that the cost to remove all of that to develop the right-of-way is all that different. Thank you. Thank you very much. John? Briefly, a couple things, Your Honors. To the point regarding the street being the operative word in the subdivision plat, again, Rubel is directly on point. One who purchases in reference to a plat is entitled under the law to demand that as between him and the author of the plat, and those claiming under the author, the representations made by the plat as to the streets thereon be preserved. This rule equally applies to platted streets and roads not yet in existence. Whether or not it says street on the plat, it doesn't matter. All that matters is that it's a right-of-way on a plat that was conveyed to a plaintiff as being a right-of-way. And because he purchased that land subject to that subdivision plat, that's really all that matters here. Never have we raised additional theories in this. The theory was always recorded subdivision, the lines on the plat, the plat expressed a right, and that it's never been vacated. There was plenty of testimony at the trial level regarding those specific elements. That was always the theory. The only reason we even pointed out the Village of Godfrey ordinances is just to point out that the Madison County ordinances were incorrect. They didn't apply here. It was to point out to the trial court that it was a misapplication of that law. So, and briefly on Lysiaga, it's regarding the case law in Carroll and Hatton. At the trial level, they had agreed that that was the controlling case law of Carroll. Then later on, they argued that a statute that was already in existence changed the application of that case law. So this was all about case law in Carroll. Plaintiff, in their reply, cited County of Lake v. Semerling, which that is regarding a statute of ordinance being applicable, and that it would be a matter of statutory law, which the court is obligated to consider whether to raise the law or not. So just because plaintiffs didn't reference the Village of Godfrey as being controlling this piece of land as it is today, doesn't mean that it doesn't apply all of a sudden. Village of Godfrey ordinances would still apply. And finally, the order. As we have gone over five and six, it seems to grant some use, but only after a certain time, and that's just in stark contrast to the case law. It doesn't matter whether it's developed or not. The right to use is the right to use. And also in the order, there were no findings of fact, just the order. No mention of credibility of witnesses or any of that. So liberty is no? Correct. Okay. Correct. And that is all I have, Your Honors. Any questions? No questions. Thank you both for your arguments here today. Thank you. The matter will be taken under advisement. We'll issue an order in due course.